[No. 23596. Department One. April 25, 1933.]

H. C. VOLZ et al., *Respondents*, v. WILLIAM D. BURK-HEIMER, INC., et al., *Appellants.*[1]

[1]Reported in 21 P. (2d) 285.

*Allen, Froude, Hilen & Askren,* for appellants.
*Frank R. Jeffrey,* for respondents.

Mitchell, J.—This action was brought by H. C. Volz and his wife to recover secret profits alleged to have been made by the defendants while acting as agents for the plaintiffs in the purchase of real property in Seattle. The case was tried to a jury, which returned a verdict for the plaintiffs in the sum of one thousand dollars. The defendants have appealed from the judgment on the verdict.

No question is raised concerning instructions to the jury. In substance, the assignments of error are: (1) That the appellants were not agents of the respondents, and that it should have been so decided, as a matter of law, upon motions presenting that question at the trial; (2) that, even if the relationship of principal and agent did exist, appellants did not make a secret profit at the expense of their principals, for the reason that the principals had expressly authorized them to receive their commission from Offenhauser; and (3) that there has been a full accord and satisfaction.

Upon the first assignment, there was substantial evidence about as follows: William D. Burkheimer, Inc., was a family corporation engaged in the general real estate and insurance business in Seattle. Mr. and Mrs. Burkheimer owned all the capital stock of the corporation. Mr. Burkheimer and Gordon N. Johnson were sales agents for the corporation in 1929, commencing in the early part of the year. Volz was a mechanic, and much of the time worked outside of

Seattle. It appears that, about that time, he acquired a substantial amount of money, which he invested in real property in and about Seattle.

Probably Johnson alone acted as agent in the purchase of one piece of property before Johnson commenced to work for William D. Burkheimer, Inc., and thereafter both Burkheimer and Johnson operated together, acting as agents for the respondents during the year 1929 in the purchase of several pieces of real estate, including the present deal and the exchange of still another parcel of land. As agents, they were to receive their pay from the other parties to the real estate transactions. Appellants looked after all investments of respondents in real estate, so far as the record shows, and, among other things, kept possession of respondents' papers connected with the several real estate transactions with which appellants had been connected, collected and adjusted rents, paid for fire and title insurance, and also paid assessments and penalties relating to respondents' real properties.

The present transaction took place on and after October 26, 1929. The appellants persuaded the respondents that the real property involved was a good investment, and entered into an earnest money receipt contract with them, by which the respondents agreed to purchase the property for $13,500, part cash, part on time, and a conveyance by them of certain Spokane property valued at $4,000. This instrument was signed by Volz, as purchaser, and by William D. Burkheimer, Inc., agent. Within a few days, Burkheimer and Johnson reported to Volz that Offenhauser, the owner of the Seattle property which they were attempting to purchase, would not take less than $14,000 for the lot. Volz was unwilling to pay more than $13,500, and the difference was taken care of by the appellants according to the terms of a note made on the margin of the

earnest money receipt, as follows: "H. C. Volz to pay no commission on Spokane property and $200 to be deducted by him." Thereafter, on November 15, 1929, Volz signed a written contract, purporting to be with the owner, to buy the lot for $14,000. The nominal parties to the contract were unacquainted, personally or otherwise.

Thereafter, Offenhauser signed the written contract and acknowledged it before Mr. Burkheimer as of November 15, 1929. Appellants held this contract several months after Offenhauser had executed it, without any report to the respondents, as Volz testified. Offenhauser knew nothing of the matter until after appellants had procured the signature of Volz to the contract, and, notwithstanding the fact that the face of the contract expressed a consideration of $14,000, Offenhauser testified that, from the first to the last, he never asked nor received more than $10,000 for the lot, and that, upon being informed by the appellants that they had a conveyance of the Spokane property from respondents, to be used in making the deal, he told them he would not have the Spokane property as a gift.

Appellants had taken from Volz and wife a conveyance of the Spokane property, in which the space for the grantee's name was left blank, and in which the name of Offenhauser was later written by the appellants. This deed was refused by Offenhauser, who repeated that he wanted only $10,000, that he would not have the Spokane property, and that, so far as he was concerned, they (appellants) could do what they wanted to with the Spokane property, to which Mr. Burkheimer said, "That is all right, we will take the property and take our commission out of the other fellow." Accordingly, the deed was then prepared, by which, upon its face, Offenhauser, to whom respond-

ents' deed ran, conveyed the Spokane property to William D. Burkheimer, one of the appellants.

█ Relying upon the terms and face of the earnest money receipt, appellants, contending they were agents for Offenhauser, cite the case of *Koepke Sayles & Co. v. Lustig*, 155 Wash. 70, 283 Pac. 458, wherein this court construed a somewhat similar earnest money receipt, holding that the form of the receipt was meaningless if the realtor or agent was not held to be the agent of the owner of the property. The instrument in that case, however, related to a good faith transaction. Appellants here overlook the fact that, in the present case, they are charged with fraud and deceit, and that, in such case, the form of the instrument will be disregarded, if in conflict with the real facts.

█ Under this assignment, it is further argued that, if it be assumed that appellants were not agents of Offenhauser at first, thereafter he ratified their acts, and that by relation supplied original authority to do the act. Citing 21 R. C. L. 919. The evidence here, however, abundantly shows no purpose or attempt at ratification by Offenhauser of any purported act of appellants as his agents. On the contrary, he refused the deal the appellants had gotten Volz and his wife into, and simply sold his property for $10,000, which at all times was his price for it.

True, appellants introduced some evidence in support of their side of this question of agency. This produced, however, only a controversy over facts, for the jury to decide.

█ On the second contention, appellants argue that they did not make a secret profit at the expense of respondents, "for the reason that the principals (respondents) had expressly authorized them to receive their commission from Offenhauser." The jury was justified in finding no such authority was given.

Certainly, as already seen, there was abundant testimony to satisfy the jury that the respondents never knew that their property in Spokane was to go, or that it was intended to go, to the appellants, or that Offenhauser was to pay appellants any commission by the use of respondents' property. Indeed, the jury evidently believed and found that the Spokane property never actually belonged to Offenhauser for any purpose whatever. He refused with perfect candor to have anything to do with that part of the deal, as a real, substantial fact, and re-deeded it to appellants only to get rid of that feature of the transaction.

The last contention on the part of appellants is that there was an accord and satisfaction between the parties. Immediately upon closing the deal with Offenhauser, appellants, falsely representing that Offenhauser owned the Spokane property and wanted to sell it, and pretending to be his agent, attempted to sell it to respondents, who were anxious to get the Spokane property because it had been their old home. Mr. Volz obligated himself with respect to purchasing it before he was aware that Burkheimer, and not Offenhauser, owned the property, and thereafter completed the purchase before all of the facts were entirely understood by the respondents. The fact that respondents took a deed to the Spokane property from Burkheimer is urged as an accord and satisfaction.

The facts connected with it are involved, and need not be set out. This matter also was submitted to the jury, and their verdict indicates that that part of the transaction was an imposition on the respondents, rather than an accord and satisfaction of the controversy between them and appellants.

Judgment affirmed.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.